IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDAN T. O'SULLIVAN,

    Plaintiff,

vs.  No. CIV 03-1402 JB/LFG

DANIEL RIVERA, DRAGON
HAULER EXPRESS and
GREAT WEST CASUALTY
COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion for Physical Examination of Plaintiff Brendan T. O'Sullivan, filed August 23, 2004 (Doc. 20). The primary issue is whether the Court should order, under rule 35 of the Federal Rules of Civil Procedure, the medical examination of the Plaintiff, Brendan T. O'Sullivan, by an expert of the Defendants' choosing. Because O'Sullivan's health is at issue, and because the Defendants have shown good cause for the examination, the Court will allow the Defendants' expert to examine O'Sullivan.

## FACTUAL BACKGROUND

O'Sullivan had back injuries in 1980, a laminectomy in 1983, and back and neck injuries in 1986. Since then, he has been diagnosed with degenerative joint disease. The collision that is the subject of this litigation occurred on December 22, 2000.

O'Sullivan alleges injuries from the collision as well as aggravation of previous medical conditions. George Swajian, D.O., who has retired from the medical practice, has primarily done the post-collision treatment of O'Sullivan. The one document that the parties have presented is a letter

from Dr. Swajian to O'Sullivan's attorney in July, 2002:

> I am sure you are well aware of the past history of surgery on his back at L5/S1. In 1998 we did note in MRI there was a slight bulging disk at L3/4 but because of his increasing pain an MRI was recently repeated. . . . When I read the written reports it appears that this situation has become worse since the accident of 2000, when compared with the MRI done prior to that accident in 1998.

Letter from George R. Swajian, D.O., to Jeff Romero at 1 (dated July 17, 2002).

O'Sullivan is using Dr. Swajian as his expert. The Defendants represent that plaintiffs in personal injury cases often call Dr. Swajian.

## **PROCEDURAL BACKGROUND**

Through Initial Disclosures and by means of a medical release signed for the Defendants by him, O'Sullivan has provided the Defendants with his medical records. O'Sullivan contends that those records, through MRI's and Dr. Swajian's physical examinations, make clear that O'Sullivan did not previously injure his left knee. Dr. Swajian compared O'Sullivan's prior back injury with his present injuries, and, according to the Plaintiff, the comparison revealed the extent of aggravation by the accident which is subject of this cause of action. See Letter from George R. Swajian, D.O., to Jeff Romero at 1 (dated July 17, 2002).

The Defendants have not yet deposed Dr. Swajian. Although he is retired, Dr. Swajian is available for deposition and for trial.

Through written discovery, the deposition of Plaintiff Brendan T. O'Sullivan, and a review of O'Sullivan's medical records, the Defendants contend that O'Sullivan's medical condition – specifically, of his back, neck, left knee, and right shoulder – are in controversy. The controversy consists of, but is not limited to, the cause of these conditions. The Defendants represent that the need for the independent medical evaluation did not become apparent until O'Sullivan's deposition

on August 2, 2004. The Defendants represent that the scope and purpose of the examination is to determine the nature, extent, and duration of O'Sullivan's left knee, right shoulder, and back injuries.

The Defendants propose that Sidney Schultz, MD, of Albuquerque, New Mexico, examine O'Sullivan. Dr. Schultz is a respected medical doctor who has been qualified as an expert witness in the state and federal courts of New Mexico on many occasions. Dr. Schultz is available for this purpose on September 20-24, 2004, and September 27-30, 2004 at his office, 1010 Las Lomas, NE, Albuquerque, New Mexico 87102.

The Defendants move, pursuant to rule 35 of the Federal Rules of Civil Procedure, for a physical evaluation of O'Sullivan. The Defendants request leave to designate Dr. Schultz as an expert witness following the completion of his report. O'Sullivan opposes this motion.

In the alternative, O'Sullivan asks that, if the Court grants the Defendants' motion, the Court appoint the medical examiner. O'Sullivan has concerns that defendants in personal injury cases often call Dr. Schultz, the physician that the Defendants chose, and that he has testified mostly on behalf of defendants in personal injury cases. Thus, O'Sullivan asks the Court to deny the Defendants' motion for an independent medical examination or, in the alternative, to appoint the independent medical examiner.

## LAW ON INDEPENDENT MEDICAL EXAMINATIONS

"The deposition-discovery rules are to be accorded a broad and liberal treatment." Schlagenhauf v. Holder, 379 U.S. 104, 114-15 (1964)(quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). The Federal Rules of Civil Procedure permit the physical and mental examinations of parties upon "good cause shown," and when that party places their mental or physical condition "in controversy." Fed. R. Civ. P. 35.

"While Rule 35 should be construed liberally in favor of granting discovery, its application is left to the sound discretion of the court." Simpson v. Univ. of Colo., 220 F.R.D. 354, 362 (D. Colo. 2004). See Stinchomb v. United States, 132 F.R.D. 29, 30 (E.D. Pa. 1990). Just because the plaintiff's medical condition is relevant, however, does not mean that the court should order an independent medical examination. The words "good cause" in rule 35 indicate that there must be a greater showing of need than relevance. Schlagenhauf v. Holder, 379 U.S. 104, 117-18 (1964)(citing Guilford Nat. Bank of Greensboro v. S. Ry., 297 F.2d 921, 924 (4th Cir. 1962).

The movant's ability to obtain the information by other means is relevant in deciding whether to grant such a motion. See Schlagenhauf v. Holder, 379 U.S. at 118. One court has held that, if discovery of medical reports has been obtained, good cause for an order to submit to a physical examination may no longer exist. See Hughes v. Groves, 47 F.R.D. 52, 57 (W.D. Mo. 1969). A state court denied a rule 35 motion in a case in which the party whose examination was sought had been treated in a railroad hospital, and the railroad had access to the hospital records and the reports of the hospital's physicians. See Martin v. Tindell, 98 So.2d 473, 476 (Fla. 1957), cert. denied, 355 U.S. 959 (1957).

In Scott v. Spanjer Bros., Inc., 298 F.2d 928 (2d Cir. 1962), the United States Court of Appeals for the Second Circuit held that it was not error for the trial judge to pick the examiner:

> We believe that the appointment of an impartial medical expert by the court in the exercise of its sound discretion is an equitable and forward-looking technique for promoting the fair trial of lawsuit. It is now well accepted that the trial judge is not a mere umpire at the trial; indeed, there may be circumstances in which he would have a duty to seek impartial assistance in order to enlighten the jury and himself on issues which have become confused because of partisanship in presentation.

Id. at 930-31.

## ANALYSIS

### I.  MEDICAL EXAMINATION

O'Sullivan does not dispute that his left knee, right shoulder, and back injuries are at issue in this case. Accordingly, the Defendants have established that O'Sullivan's physical condition is "in controversy."

There is also good cause for a physical examination of O'Sullivan. A physical evaluation of O'Sullivan by some medical doctor is necessary to determine the extent, if any, to which the collision caused O'Sullivan's injuries and the extent, if any, to which the collision aggravated previous medical conditions. Dr. Swajian, who is retired, is apparently no longer treating O'Sullivan. Thus, he may not be able to determine to what extent, if any, the accident which is the subject of this lawsuit aggravated O'Sullivan's current medical condition. Given the possible inadequacy of what Dr. Swajian has done in the past for determining O'Sullivan's present condition, the Defendants may not be able to get the needed information by any other means except another medical examination by an alternative physician.

O'Sullivan contends that the Defendants already have at their disposal information regarding the cause of his medical condition. The Court should not, however, limit the Defendants to cross-examination of Dr. Swajian. See Simpson v. Univ. of Colo., 220 F.R.D. at 362 (finding that "good cause" existed for allowing a rule 35 examination of the "plaintiff because, without the examination, [the] defendant would be limited to cross-examining the evaluation of the plaintiff's expert"). The Court should afford the Defendants and their expert an opportunity to determine for themselves to what extent, if any, this accident aggravated O'Sullivan's pre-existing injuries and have the opportunity "to rebut the reports of the plaintiff's expert." Id. (citing Fischer v. Coastal Towing Inc.,

-5-

168 F.R.D. 199, 201 (E.D. Tex. 1996)).  Accordingly, there is good cause for a medical examination of O'Sullivan.

## II.   IMPARTIAL MEDICAL EXPERT

O'Sullivan has not established why Dr. Schultz would be unable to impartially assist and enlighten the jury regarding O'Sullivan's alleged personal injuries.  But even if Dr. Schultz were often called by defense lawyers or were conservative in his diagnoses and treatments, the Defendants would be entitled to obtain their own expert and secure an independent opinion about O'Sullivan's condition.  The truth will more likely be obtained from the adversarial process than by taking the unexamined word of the plaintiff's expert.

When a court chooses an "impartial" expert, it often must select from a narrow group of experts, often from names submitted by the parties.  Despite the court's best efforts to be fair and even-handed, the perception often is that the court has chosen a defense expert or a plaintiff expert, regardless whether the court intended to do so.  Hence, rather than intruding into this case with a choice that might inadvertently tilt the playing field unfairly in favor of one side, the Court will let the parties' experts do their work and allow the jury to make the decision whom is most impartial and qualified.  Accordingly, the Court should afford the Defendants the opportunity to rebut Dr. Swajian's testimony with an expert of their choosing.

**IT IS ORDERED** that the Defendants' motion to allow a physical medical evaluation of Plaintiff Brendan T. O'Sullivan by Sidney Schultz, MD, is granted.  The Defendants will be permitted to designate him as an expert after his report is completed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jeff Romero
Albuquerque, New Mexico

>*Attorney for the Plaintiff*

Robert T. Booms
Butt, Thornton & Baehr, PC
Albuquerque, New Mexico

>*Attorney for the Defendants*