IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDAN T. O'SULLIVAN,

    Plaintiff,

vs.                                                                                                  No. CIV 03-1402 JB/LFG

DANIEL RIVERA, DRAGON
HAULER EXPRESS, and GREAT
WEST CASUALTY COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion for Protective Order and Notice of Non-Appearance as to Deposition of Daniel Rivera, filed September 15, 2004 (Doc. 24). A hearing on this matter was held on September 17, 2004 via telephone conference. The primary issue is whether the Plaintiff may require the out-of-state Defendant Daniel Rivera to travel to New Mexico in order to appear for a deposition. Consistent with the Court's ruling at the hearing on this motion and the reasons for that ruling given at the time of the hearing, the Court will grant Defendants' Motion, and order that the deposition take place in Pagosa Springs, Colorado, rather than as originally noticed in Albuquerque, New Mexico.

## PROCEDURAL BACKGROUND

Neither Defendant Daniel Rivera nor his trucking company, Defendant Dragon Hauler Express, maintain a residence in New Mexico. They are residents of Pagosa Springs, Colorado.

Rivera traveled to Albuquerque for a settlement conference on August 6, 2004. The Defendants represent that, at the settlement conference, O'Sullivan refused to participate in good

faith settlement negotiations. The Defendants contend that, as a result of O'Sullivan's actions at the settlement conference, the conference was a waste of everyone's time.

The Defendants' counsel advised O'Sullivan's counsel that Defendant Daniel Rivera is a long-distance truck driver who resides in Pagosa Springs, Colorado and that Rivera drives a truck for his livelihood. He supports a wife and daughter. The Defendants represent that it would be a severe financial hardship for Rivera to make a special trip to Albuquerque for his deposition.

The Defendants offered to present Defendant Daniel Rivera for deposition in his hometown of Pagosa Springs, Colorado. On September 13, 2004, however, the Defendants' counsel received by facsimile transmission a Notice of Deposition for a deposition of Rivera on September 24, 2004 at 9:00 a.m. in the offices of Plaintiff Brendan T. O'Sullivan's counsel, Jeff Romero, in Albuquerque, New Mexico. O'Sullivan's position is that he is entitled to take an out-of-state defendant's deposition.

The Defendants move for a Motion for Protective Order and Notice of Non-Appearance.[1] O'Sullivan opposes the Motion.

## LAW REGARDING LOCATION OF DEFENDANTS' DEPOSITION

An out-of-state deponent is under no obligation to travel to the location where the case was filed for a deposition. Pursuant to New Mexico Rules of Civil Procedure 1-026C and 1-026D, the New Mexico state courts have the authority to govern the sequence and timing of discovery for the convenience of the parties as well as to protect parties and deponents from undue burden or expense. State courts, in enforcing the New Mexico Rules of Civil Procedure with respect to depositions and

---

[1] The Court heard this Motion before the Plaintiff filed a response after obtaining consent from the Plaintiff to proceed with the hearing on the Motion without such a filing.

discovery, have the right to impose protective provisions and conditions.  See State ex rel. New Mexico, 78 N.M. 276, 279, 430 P.2d 773, 776 (1967).  The parties do not present any reported New Mexico opinion addressing the place for the taking of a defendant's deposition.

As with New Mexico state courts, federal judges have authority to issue protective orders pertaining to discovery to prevent undue burden.  See Fed. R. Civ. Proc. 26(c).  Although the examining party generally designates the location for the deposition of another party under Federal Rule of Civil Procedure rule 30(b), a court may grant a protective order to appoint a different place under rule 26(c)(2) of the Federal Rules of Civil Procedure.  Rule 26(c)(2) enables a court to issue a protective order to protect a party from "undue burden or expense".  Fed. R. Civ. Proc. 26(c).  When making the determination of whether a protective order is proper, "[t]he trial court has great discretion in establishing the time and place of a deposition."  Standard Metals Corp. v. Sheftelman, 817 F.2d 625, 628 (10th Cir. 1987).  Because the Plaintiff has greater influence over the choice of forum, "courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs."  Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2112 (1994).  As explained in Metrex Research Corp. v. United States, 151 F.R.D. 122 (D. Colo. 1993), "[i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party."  Id. at 125.

## ANALYSIS

The Defendants contend that Rivera should not have to travel to New Mexico and suffer financial hardship again until the time of trial.  Even though Rivera subjected himself to personal

jurisdiction in New Mexico, that is insufficient, in and of itself, to require him to travel to Albuquerque to be deposed. Therefore, this argument proposed by the Plaintiff is not enough to require the out-of-state deponent to travel to New Mexico.

Generally, if the deponent lives a great distance from the deposing party, then the deposition takes place near the location of the out-od-state deponent. See Metrex Research Corp. v. United States, 151 F.R.D. at 125. Although this Court has discretion in deciding the appropriate location of the deposition pursuant to rule 26(b) of the Federal Rules of Civil Procedure, the Plaintiff failed to establish any circumstances of undue hardship justifying Rivera to travel to New Mexico. See Fed. R. Civ. Proc. 26(c). Because Plaintiff failed to present the Court any exceptional circumstances, the Court will grant the Defendant's Motion and require that the deposition of Daniel Rivera be taken in his place of residence of Pagosa Springs, Colorado.

The Court finds, therefore, that the Plaintiff is not entitled to take an out-of-state defendant's deposition in New Mexico.

**IT IS ORDERED** that the Defendant's Motion for Protective Order and Notice of Non-Appearance is granted, and that the deposition of Defendant Daniel Rivera will take place in Pagosa Springs, Colorado, absent a consensual agreement between the parties.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jeff Romero
Albuquerque, New Mexico

   *Attorney for the Plaintiff*

Robert T. Booms
Butt Thornton & Baehr PC
Albuquerque, New Mexico

>    *Attorney for the Defendants*